UNITED STATES
v.
GEORGE H. MEYER SONS.
Civ. A. No. 2543.

United States District Court
E. D. Virginia,
Richmond Division.

May 22, 1958.

R. R. Ryder, Asst. U. S. Atty., Richmond, Va., for government.

Tucker, Mays, Moore & Reed, Richmond, Va., for defendant.

STERLING HUTCHESON, Chief Judge.

On May 1, 1952, Roscoe Meadows, of Hanover, Virginia, executed an agricultural chattel deed of trust securing to the United States the sum of $3,025. The deed of trust was filed in the Clerk's Office of Hanover County, Virginia, on the same date, under the provisions of Section 43–53, Code of Virginia 1950. Included along with other chattels were "Nine brood sows; breed (Tarlrose) white and black; one yr. described as being found and kept on the land of Roscoe Meadows, County of Hanover, 4 mi. west of Gum Tree; Beaverdam Dist. cont. 167a., bounded on n. by Hwy. 51, e. by Pearson, s. by Blickenstaff, w. by Patrick Henry Hwy."

Subsequently certain hogs were sold by the grantor Meadows to the defendant George H. Meyer Sons, at Union Stockyards in Richmond, Virginia. A comparison of the descriptions of the brood sows appearing in the Federal Farm Lien Credit Book kept by the Clerk of Hanover County, with the copy of the original chattel deed of trust, shows some variation in the description of the brood sows. However, the evidence shows that the hogs sold, with one exception, were either the original sows or the increase, issue or progeny thereof. The identification appears sufficient and the variance in the description is not significant.

This action was brought by the United States to recover from the defendant the amount paid for the hogs covered by the deed of trust, including the issue of the original nine. It appears that with the exception of one stag all the hogs purchased by the defendant were issue of the original nine with the possible exception of one sow which may have been one of the nine.

The question to be decided is whether under the Virginia Statutes there was a valid lien upon the hogs of which the purchaser had constructive notice. It it not contended that he had actual notice.

From my examination of the cases it appears that the law of Virginia recognizes as valid a lien upon livestock if properly described, together with the increase, issue and progeny provided the lien is recorded in accordance with the statutes. The description of the brood sows and the premises upon which they were located appears sufficient. It is true that the issue, increase and progeny do not appear on Government Exhibit 3, which is a photostatic copy of the entries made in the Federal Farm Lien Credit Book maintained by the Clerk of Hanover County. However, Government Exhibit 2, which is a copy of the chattel deed of trust, by paragraph numbered 4, does cover such increase, issue and progeny. While the first impression may be that the failure to note this provision of the lien on the Clerk's records might be an omission of necessary notice to purchasers, an examination of Code of Virginia 1950, Section 43–53, would seem to set this question at rest. That section makes provision for two methods of recording the lien. The first is the entry in the docket of a brief description of the chattel described in the chattel deed of trust and the premises upon which they are located. If that method is followed the Clerk is required by statute to retain the chattel deed of trust in his possession for future public inspection with the proviso that it may be withdrawn if a certified copy is left with the Clerk. The second method of recording the lien is to have it copied at length in the Miscellaneous Lien Book. In the latter event, the original instrument need not be filed with the Clerk.

In the instant case the holders of the lien elected to follow the first method.

Consequently, while the provision concerning the increase of the livestock does not appear on the docket, nevertheless, by the terms of the statute the Clerk was required to retain the original instrument for public inspection. Being charged with constructive notice of what appeared in the chattel docket maintained by the Clerk, the purchaser is also charged with constructive notice of the entire contents of the lien which was on file with the Clerk subject to his inspection.

See also, 162 F.Supp. 626.

In view of the foregoing, it is my conclusion that the purchaser is liable for the hogs purchased, with the exception of the stag, which it is conceded was not an issue of any of the original nine brood sows described in the lien.

The facts and opinions here recited are adopted as findings of fact and conclusions of law.

It is requested that counsel for the plaintiffs submit to counsel for the defendants for their comments proposed additional findings of fact, reciting the number of hogs purchased by the defendants, the dates of such purchases and the amounts paid, with draft of order granting judgment, before submission for consideration and entry.